UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY J. WALTON,

        Petitioner,

                                          CASE NO. 04-CV-73697-DT
v.                                         HONORABLE GEORGE CARAM STEEH

KENNETH McKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND DEFAULT JUDGMENT

### I. Introduction

This matter is pending before the Court on petitioner Harry J. Walton's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the Court are Respondent's answer to the habeas petition and Petitioner's motions for a temporary restraining order and default judgment.

In 2002, following a jury trial, Petitioner was convicted in Oakland County Circuit Court of two counts of first-degree criminal sexual conduct. *See* MICH. COMP. LAWS § 750.520b(1)(f) (sexual penetration using force or coercion or causing injury to the victim). On March 25, 2002, the trial court sentenced Petitioner as a habitual offender, second offense, to two concurrent terms of forty to sixty years in prison.

Petitioner argued in an appeal of right that: (1) the prosecutor failed to present sufficient evidence to establish venue, the trial court failed to instruct the jury on the element of venue, and trial counsel was ineffective for failing to seek a directed verdict, or request a jury instruction, on

the issue of venue; (2) the trial court deprived him of due process of law by admitting "similar acts" evidence; (3) the trial court denied him a fair trial by admitting in evidence his statement to the police; and (4) the trial court abused its discretion by refusing to appoint a DNA expert for him at public expense. The Michigan Court of Appeals was unpersuaded by these arguments and affirmed Petitioner's convictions in an unpublished *per curiam* opinion. *See People v. Walton*, No. 241760 (Mich. Ct. App. Oct. 14, 2003).

Petitioner presented the same claims and several new issues to the Michigan Supreme Court. Among the new issues was a sentencing claim, which is similar to Petitioner's first habeas claim. On May 28, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review Petitioner's claims. *See People v. Walton*, __ Mich. __; 690 N.W.2d 900 (2004) (table).

Petitioner filed his habeas corpus petition on September 23, 2004. The grounds for relief are: (1) Petitioner was improperly sentenced as a habitual offender because neither the trial court, nor the jury, made any findings of fact on the habitual offender charge; and (2) the trial court ignored Petitioner's right to be sentenced under the sentencing guidelines. The latter claim also appears to allege that factors used to depart upward from the guidelines should have been decided by a jury.

Respondent argues in an answer to the habeas petition that Petitioner did not exhaust state remedies for his claims. Petitioner replies that he did exhaust his state remedies or he is exempt from the requirement.

## II.  Discussion

### A.  Exhaustion of State Remedies

State prisoners must fairly present their claims in each appropriate state court before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  This requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when that review is part of the state's ordinary appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).  Exhaustion of state remedies provides the State with an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. at 29 (internal quotation marks omitted).

Petitioner arguably raised his first claim in the Michigan Supreme Court, but he did not raise the claim in the Michigan Court of Appeals.  Presentation of a claim for the first and only time to a state's highest court on discretionary review, without more, does not constitute "fair presentation" for purposes of the exhaustion doctrine.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner did not raise his second claim in either the Michigan Court of Appeals or the Michigan Supreme Court.  Thus, neither habeas claim is exhausted.

The exhaustion requirement, however, is not a jurisdictional one.  *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *petition for cert. filed*, (U.S. July 20, 2006) (No. 06-128).  Courts may adjudicate unexhausted claims "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," provided that the habeas petition is denied.  28 U.S.C. § 2254(b)(2).  Petitioner's claims lack merit, and "'it would be a waste of time and judicial resources to require exhaustion.'"  *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)).  Accordingly, the Court will

proceed to address Petitioner's claims rather than dismiss the habeas petition for failure to exhaust state remedies. Review is *de novo*, because no state court has addressed or resolved the issues on the merits. *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1032 (2006).

### B. Petitioner's Claims

### 1. Habitual Offender Status

Petitioner's first claim alleges that Petitioner was sentenced as a habitual offender even though neither the trial court, nor the jury, determined that he was guilty of a prior offense. Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), to support this claim.

Petitioner's reliance on *Blakely* and, by implication, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is misplaced. The Supreme Court held in *Apprendi* that, "[o]*ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id* at 490 (emphasis added). The Supreme Court clarified in *Blakely* that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted). *Apprendi* makes clear that a prior conviction need not be proved to a jury or admitted by the defendant.

Moreover, Petitioner admitted during a brief hearing which followed his jury trial that he was convicted of forcible rape in 1982. The prosecutor was satisfied by this admission that Petitioner was a habitual offender, and neither Petitioner, nor his attorney, disputed the prosecutor's conclusion that Petitioner was a habitual offender. (Tr. Mar. 8, 2002, at 266-68.)

Thus, there is no basis in the record for Petitioner's contention that his status as a habitual offender was not proved.

## 2. The Sentence

The second and final habeas claim alleges that the trial court ignored the mandatory sentencing guidelines and departed from the guidelines on the basis of facts not submitted to a jury. Petitioner asserts that he should have been sentenced, at most, to forty-two to seventy months in prison.

It was unclear to the parties whether the sentencing guidelines actually applied to this case, but there was no dispute that the sentencing recommendation called for a sentence of twenty-five to fifty years. (Tr. Mar. 25, 2002, at 3-4.) Even if a violation of state law occurred, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam )." *Estelle v. McGuire*, 502 U.S. at 68.

Petitioner has failed to show that his sentence violated the Federal Constitution. "[T]he Eighth Amendment contains no proportionality guarantee," *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), and, so long as a sentence "remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

Petitioner was thirty-nine years old at sentencing, and his sentence of forty to sixty years

fell within the statutory maximum of life imprisonment or any number of years. *See* Mich. Comp. Laws § 750.520b(2). "[A] sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

To the extent that Petitioner relies on *Blakely,* his claim lacks merit, because a majority of the Supreme Court indicated that *Blakely* applies only to determinate sentencing systems. *See Blakely*, 542 U.S. at 308-09. Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Claypool*, 470 Mich. 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *People v. Drohan*, 475 Mich. 140, 163-64; 715 N.W.2d 778, 791 (2006). Petitioner's sentence fell within the statutory maximum for his crime. Therefore, Petitioner's sentence is not affected by, and did not implicate, *Blakely*.

### III. Conclusion

Petitioner's claims lack merit. Accordingly, the application for a writ of habeas petition [Doc. 3, Sept. 23, 2004] is DENIED. Petitioner's motion for a temporary restraining order [Doc. 25, Feb. 14, 2006] is DENIED because it challenges the conditions of confinement, as opposed to the conviction under attack. Petitioner's motion for a default judgment [Doc. 27, Feb. 22, 2006]

is DENIED because Respondent was not in default when he filed his response to the habeas petition.

Dated: August 22, 2006

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---